**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 16-56697 |
| | : | Chapter 7 |
| Jennifer C. Beekman, | : | Judge Charles M. Caldwell |
| Kenton A. Beekman, | : | |
| Debtors. | : | |

**MOTION TO SELL REAL ESTATE**
**LOCATED AT 3104 GRASSY FORK ROAD, PEEBLES, OHIO 45660 (PARCEL NO. 12-081201-0000) FREE AND CLEAR OF ALL LIENS AND ENCUMBRANCES EXCEPT REAL PROPERTY TAXES**

Now comes Frederick L. Ransier, Chapter 7 Trustee, by and through the undersigned counsel, and moves the Court (the "Motion") pursuant to 11 U.S.C. §363 for an Order authorizing the Trustee to sell Debtor's interest in certain real property located at 3104 Grassy Fork Road, Peebles, Ohio 45660 (Parcel No. 12-081201-0000) free and clear of all liens, claims, interests, and encumbrances except for real property taxes as set forth in the Memorandum in support of this Motion.

Respectfully submitted,

/s/ Melissa S. Giberson
Frederick L. Ransier   (0020513)
Melissa S. Giberson    (0082413)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 East Gay Street, P. O. Box 1008
Columbus, OH  43216-1008
Telephone:  (614) 464-3016
Facsimile:  (614) 719-4860
E-mail: msgiberson@vorys.com
**Attorneys for Trustee**

## MEMORANDUM IN SUPPORT

**I.    Background.**

On October 17, 2016, Jennifer C. Beekman and Kenton A. Beekman ("Debtors") filed a voluntary Chapter 7 petition, commencing Case No. 16-56697 (the "Bankruptcy Case"). Frederick L. Ransier ("Chapter 7 Trustee") was appointed as Chapter 7 Trustee in the Bankruptcy Case. The Chapter 7 Trustee has been charged with administering the Debtor's estate (the "Bankruptcy Estate") in accordance with the provisions of 11 U.S.C. §§ 101et. seq. (the "Bankruptcy Code").

The Debtors scheduled an interest in real property located at 3104 Grassy Fork Road, Peebles, Ohio (Parcel No. 12-081201-0000) (the "Property"). In October of 2016, the Debtors scheduled the value of their interest in the Property at $19,630.00, which is the value listed by the Pike County Auditor for tax purposes (reviewed as of December 20, 2016). The Debtors do not report any encumbrances with respect to the Property, but claim an exemption in the property of up to $1,500 pursuant to Ohio Revised Code § 2329.66(A)(18).

While no formal appraisal has been prepared, the Trustee has received information indicating that the Property has not been maintained and is currently being used as an informal "dump site." Evidence has been provided to the Trustee indicating that there is no ingress/egress to the Property except through a neighboring parcel and, further, that there is no access to city water – the parcel is serviced by well only. The Trustee has further been made aware that an abandoned trailer and mobile home in poor condition remain on the property, which will need to be removed. Given the restricted access to the Property, its current state of disrepair, and the necessity for remedial work, the Trustee believes that the Auditor's value is not realistically obtainable in a public sale.

The Trustee has received a private offer to purchase the Property from Arthur E. McJunkin ("Buyer"). Buyer currently resides on property adjacent to the Property and sharing a street address; it is through Buyer's property that the Property maintains driveway access. Buyer has offered to purchase the Property for $5,500 in cash, "As is, Where is." Given that access to the Property is restricted by Buyer's separate property and given the current condition of the Property, the Chapter 7 Trustee respectfully submits that Buyer's offer for the Property likely exceeds what the Chapter 7 Trustee might be able to obtain through a public sale.

**II.    Terms of the Proposed Sale.**

As a result of the discussions between Buyer and the Chapter 7 Trustee, the Chapter 7 Trustee hereby seeks authority of this Court, pursuant to 11 U.S.C. § 363, to (a) sell the Property to Buyer, free and clear of all liens, claims, interests and encumbrances, other than for real estate taxes, on the following terms and conditions described in the executed agreement attached hereto as <u>Exhibit A</u> and as further described and supplemented herein below (the "Sale Agreement"), and (b) hold proceeds received from the Sale Agreement as provided herein.

1. The purchase price to be paid by Buyer for the Property shall be $5,500 (the "Purchase Price").

2. The Chapter 7 Trustee will transfer title to the Property to Buyer, free and clear of any liens, claims or encumbrances, other than for real estate taxes, following payment in full of the Purchase Price.

3. Buyer expressly acknowledges that the Property is being sold "As is, Where is."

4. Buyer will assume sole and absolute responsibility for taxes, title, insurance and costs associated with the transfer of the Property.

5. No brokers or broker fees are to be paid in connection with this transaction.

6. Buyer will be responsible for all maintenance, repair, upkeep, utilities, and related. The Chapter 7 Trustee shall have no liability for or obligation with respect to maintenance, repair, upkeep, utilities, or related.

7. Buyer will be responsible for any and all real property taxes assessed with respect to the Property, including without limitation for delinquent taxes, for tax periods prior to the Petition Date, and including any special assessments.

### III.　Authority.

Section 363(b) of the Bankruptcy Code provides that a trustee, after notice and a hearing, may sell, other than in the ordinary course of business, property of the estate. 11 U.S.C. §363(b).

As noted, no liens or mortgages have been filed as of record against the Property. The Chapter 7 Trustee knows of no claims or interests which might otherwise encumber the property. The Chapter 7 Trustee seeks an order approving the proposed sale of the Property free and clear of any potential liens, claims, or encumbrances – excepting only real estate taxes as specifically provided in item 2 identified in the Sale Agreement above. Section 363(f) of the Bankruptcy Code provides that a trustee may sell property under Section 363(b) free and clear of any liens, interests or encumbrances if:

1. applicable non-bankruptcy law permits sale of such property free and clear of such interest;

2. such entity consents;

3. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

4. such interest is in bona fide dispute; **or**

5. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*11 U.S.C. §363(f)*. The Chapter 7 Trustee respectfully submits that condition 3 is satisfied where, as here, the sale price exceeds the value of all liens on the Property.

The Trustee is recommending approval of the proposed sale on the terms and conditions noted herein. After consideration of the time and expense related to a public sale, including the cost of advertising, commissions and fees, other costs of sale, the condition of the Property, and

the uncertainty of the outcome at a public sale, the Trustee does not believe that a public sale would be likely to result in a significantly higher purchase price.  As a private sale eliminates several significant risks and costs with respect to the marketing and sale of the Property, the Trustee believes the creditors of this estate will benefit from the Agreement on the terms proposed.

The Trustee further requests that he be permitted to disburse proceeds received from the Sale Agreement of up to $1,5000 to the Debtors on account of their claimed exemption in and to the Property.

Based upon the foregoing, the Trustee respectfully requests the Court to authorize the sale of the Property to Buyer upon the terms and conditions set forth in the Sale Agreement herein, and to permit the Trustee to disburse up to $1,5000 to the Debtors on account of their claimed exemption in and to the Property.

Respectfully submitted,

/s/ Melissa S. Giberson
Frederick L. Ransier   (0020513)
Melissa S. Giberson   (0082413)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
52 East Gay Street, P. O. Box 1008
Columbus, OH  43216-1008
Telephone:  (614) 464-3016
Facsimile:  (614) 719-4860
E-Mail: msgiberson@vorys.com
**Attorneys for Trustee**

## **NOTICE OF MOTION TO SELL REAL ESTATE**

Frederick L. Ransier, Trustee herein, by and through counsel, has filed with the Court a *Motion to Sell Real Estate Located at 3104 Grassy Fork Road, Peebles, Ohio 45660 (Parcel No. 12-081201-0000) Free and Clear of All Liens and Encumbrances Except Real Property Taxes*.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, then on or before twenty-one (21) days from the date of service of the Motion, you or your attorney must:

1. File with the Court, a responsive memorandum explaining your position, at 170 N. High St., Columbus, OH 43215.

2. If you mail your responsive memorandum to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

3. You must also mail a copy of your responsive memorandum to the undersigned, Attorney for the Trustee, and to all parties, besides yourself, listed on the Certificate of Service provided below.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion to Sell Real Estate Located at 3104 Grassy Fork Road, Peebles, Ohio 45660 (Parcel No. 12-081201-0000) Free and Clear of All Liens and Encumbrances Except Real Property Taxes* was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on January 11, 2017 addressed to:

Arthur E. McJunkin
3104 Grassy Fork Road
Peebles, OH 45660

And was also served by **ordinary U.S. Mail** upon the parties listed on the attached mailing matrix.

/s/ Melissa S. Giberson
Melissa S. Giberson    (0082413)